## NEW YORK & CUBA MAIL S. S. CO. v. UNITED STATES.

(District Court, S. D. New York. October 21, 1903.)

**1. INTERNAL REVENUE—STAMP TAX ON SHIP'S MANIFESTS—CONSTITUTIONALITY.**

The provision of War Revenue Act June 13, 1898, c. 448, § 25, 30 Stat. 461, which imposes a graduated stamp tax on manifests for clearance of the cargo of any ship, vessel, or steamer for a foreign port, is in violation of the constitutional provision prohibiting the laying of a tax or duty on articles exported from any state, and void. The manifest is an essential part of the ship's papers, required by law, and without which foreign commerce cannot be carried on by sea, and a tax thereon is equivalent to one on the cargo therein declared.

On Demurrer to Petition.

Curtis, Mallet-Prevost & Colt (Wm. Edmond Curtis, of counsel), for petitioner.

Henry L. Burnett, U. S. Atty., and Charles D. Baker, Asst. U. S. Atty.

HOLT, District Judge. This is a demurrer to a petition in a suit against the United States in this court under the act of March 3, 1887, c. 359, 24 Stat. 505 [U. S. Comp. St. 1901, p. 752], commonly known as the "Tucker Act." The action is brought to recover $240, the amount expended by the petitioner for stamps affixed to manifests of cargoes exported from New York to Cuba in the steamers owned by the petitioner. War Tax Act June 13, 1898, c. 448, § 25, 30 Stat. 461, imposed the following stamp taxes on manifests:

"Manifest for custom house entry or clearance of the cargo of any ship, vessel or steamer for a foreign port. If the registered tonnage of such ship, vessel or steamer does not exceed three hundred tons, one dollar. Exceeding three hundred tons and not exceeding six hundred tons, three dollars. Exceeding six hundred tons, five dollars."

The petition alleges that such tax on manifests violated the provision of the Constitution of the United States that "no tax or duty shall be laid on articles exported from any state." The sole question raised by the demurrer is whether such provision is unconstitutional.

The United States Supreme Court decided, in the case of Fairbank v. United States, 181 U. S. 283, 45 L. Ed. 862, that the stamp tax imposed by the same act on foreign bills of lading was, in substance and effect, equivalent to a tax on the articles included in the bill of lading; that it was therefore a tax or duty on exports, and was unconstitutional.

I am unable to see any difference in principle between a stamp tax on a manifest and a stamp tax on a bill of lading. A manifest is a declaration of the entire cargo; a bill of lading is a declaration of a specific part of the cargo. A manifest is essentially a summary of all the bills of lading. If there is any distinction, it seems to me that the constitutional prohibition of a tax on a foreign bill of lading applies with still greater force to a tax on a manifest. Previous to the Harter act (Act Feb. 13, 1893, c. 105, 27 Stat. 445 [U. S. Comp. St. 1901, p. 2946]) there was, so far as I am aware, no statute of the United States requiring bills of lading to be given. They were uni-

versally given, but they were a mere matter of business convenience, and were based exclusively on contract. The statutes of the United States, however, have always required that a sworn manifest be furnished by the master upon the clearance of any vessel from this country for a foreign port. Rev. St. U. S. § 4197 [U. S. Comp. St. 1901, p. 2840]. A manifest is one of the ship's papers which must be presented to the collector upon the entry of any vessel into the United States. Rev. St. U. S. § 2790 [U. S. Comp. St. Supp. 1903, p. 1869]. It is a part of the ship's papers, essential, on all voyages, for the protection of the ship and the owners of the cargo, which it is the duty of a master to take on board and carefully preserve. 2 Parsons on Shipping, 3. A voyage made without the regular ship's papers is presumably illegal. In case of a seizure in time of war, the absence of ship's papers is presumptively an adequate ground for condemnation. 2 Parsons on Shipping, 476. Prize cases, when no claimant appears, are ordinarily heard upon the ship's papers and the evidence taken in preparatory. 2 Parsons on Shipping, 473. Any concealment or spoliation of ship's papers is a fact of great weight in prize cases. 2 Parsons on Shipping, 475. In short, while a bill of lading is ordinarily merely a convenient commercial instrument, a manifest of the cargo is absolutely essential to the exportation of property in vessels at all. Congress could absolutely put an end to any exportation whatever by a sufficiently high tax on manifests, if it had the power to impose such a tax. If, therefore, a stamp tax on a bill of lading is a tax upon the property exported, a stamp tax on a manifest seems to me to be still more clearly such a tax.

Moreover, in the dissenting opinion in Fairbank v. United States, supporting the view that a tax on a bill of lading was a tax on a paper or document, and not on the property exported, much stress was laid on the fact that the tax imposed by the act on a bill of lading was an unvarying amount (10 cents upon each bill), irrespective of the value of the property. The opinion states: "If Congress had graduated the stamp duty according to the quantity or value of the articles exported, there might have been ground for holding that the purpose and the necessary result was to tax the property, and not the vellum, parchment, or paper on which the bill of lading was written or printed." Page 317. The provision of the act imposing a tax on manifests did graduate the stamp duty, to a certain extent, according to the capacity of the ship to increase the quantity or value of the articles exported. If the registered tonnage of the ship did not exceed 300 tons, the tax was $1; if it exceeded 300 tons, and did not exceed 600 tons, it was $3; and if it exceeded 600 tons, it was $5. Without laying too much stress, however, upon this consideration, I think that the essential character of the stamp tax on manifests was that of a tax on exports, in the same sense in which a stamp tax on a bill of lading was a tax on exports.

My conclusion is that the demurrer should be overruled, with leave to the defendant to answer within 20 days.